# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE GARIBALDI, ) | NO. 1:09-CV-00574-AWI-GSA |
| Plaintiff, ) | ORDER VACATING JUNE 1, 2009 HEARING DATE AND DENYING |
| v. ) | MOTION TO DISMISS AS MOOT |
| JPMORGAN CHASE BANK, N.A., ) et al., ) | [Document # 6] |
| Defendants. ) | |

On February 18, 2009, Plaintiff filed a Complaint for damages and equitable and other relief ("the Complaint") in the Madera County Superior Court, Case No. MCV046163. Subsequently, this civil action was removed to the United States District Court, Eastern Division on or about March 30, 2009.

On April 3, 2009, Defendant JPMorgan Chase Bank, N.A. filed a notice of motion and motion to dismiss Plaintiff's Complaint.

On May 18, 2009, Plaintiff filed a statement of non-opposition to the motion to dismiss.

On May 27, 2009, Plaintiff filed an Amended Complaint for damages and other relief.

Before resolving the merits of Defendants' motion to dismiss, the court must determine whether the amended complaint is properly before the court and the amended complaint's effect on the motion to dismiss.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a "party may amend the

party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend only by leave of court. . . ."  A motion to dismiss for failure to state claim is not a "responsive pleading" that would terminate a plaintiff's right to amend the complaint.  Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995); Schreiber Distrib. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986); Mayes v. Leipziger, 729 F.2d 1389 605, 607 (9th Cir.1984); Breier v. Northern California Bowling Proprietors' Ass'n, 316 F.2d 787, 789 (9th Cir.1963).   Because Defendants did not file a responsive pleading, but only a motion to dismiss, Plaintiff did not need leave of court to file the amended complaint. See Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1530 (9th Cir. 1995); Doe, 58 F.3d at 497.

The amended complaint has superseded the original complaint in its entirety, and the court is now proceeding with the amended complaint. See London v. Coopers & Lybrand, 644 F.2d 811 (9th Cir.1981); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).   Thus, Defendants' motion addressing the original complaint is now moot.

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing set for June 1, 2009 is VACATED;
2. Defendants' motion to dismiss filed on April 3, 2009, is DENIED as moot; and
3. Defendants are permitted to file a response to the Amended Complaint on or by June 17, 2009 at 4:00 p.m.

IT IS SO ORDERED.

**Dated:   May 28, 2009**          /s/ Anthony W. Ishii
                                   CHIEF UNITED STATES DISTRICT JUDGE