**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LEE GARIBALDI,** | NO. 1:09-CV-00574-AWI-GSA |
| **Plaintiff,** | ORDER DISMISSING |
| v. | DEFENDANT JPMORGAN CHASE BANK, N.A. IN LIGHT |
| **JPMORGAN CHASE BANK, N.A.;** | OF NOTICE OF VOLUNTARY |
| **PEOPLES DIRECT LENDING CORP.;** | DISMISSAL, VACATING THE |
| **OLD REPUBLIC TITLE COMPANY;** | JULY 27, 2009, HEARING |
| **and DOES 1 through 100, inclusive,** | DATE, AND CLOSING CASE |
| **Defendants.** | (Doc. Nos. 19 & 21) |

On April 14, 2009, Plaintiff voluntarily dismissed Defendant Old Republic Title Company through Rule 41(a)(1)(A)(i). See Court's Docket Doc. No. 8. On April 22, 2009, Plaintiff voluntarily dismissed Defendant Peoples Direct Lending Corp. through Rule 41(a)(1)(A)(i). See id. at Doc. No. 10. On July 14, 2009, Plaintiff filed a notice of voluntary dismissal without prejudice under Rule 41(a)(1)(A)(i) of the last remaining defendant, JPMorgan Chase Bank, N.A.

Rule 41(a)(1), in relevant part, reads:

> (A) . . . the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. . . . (B) Unless the notice or stipulation states otherwise, the

dismissal is without prejudice.

In *Wilson v. City of San Jose*, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

No answers to Plaintiff's complaint and no motions for summary judgment have been filed in this case and it appears that no such answers or summary judgment motions have been served. Although JPMorgan Chase filed a Rule 12(b)(6) motion to dismiss, a motion to dismiss is neither an answer nor a motion for summary judgment and will not affect a Plaintiff's right to voluntarily dismiss his complaint under Rule 41(a)(1) unless the Court takes some action to convert the Rule 12(b)(6) motion into one for summary judgment. See Swedberg v. Marotzke, 339 F.3d 1139, 1142-46 (9th Cir. 2003). The Court has not acted to convert the Rule 12(b)(6) motion. Because Plaintiff has exercised his right to voluntarily dismiss his complaint without prejudice under Rule 41(a)(1)(A)(i) against the only remaining defendant, this case has terminated. See Wilson, 111 F.3d at 692.

2

Therefore, IT IS HEREBY ORDERED that:

1. The Clerk is ordered to close this case in light of Plaintiff's Rule 41(a)(1)(A)(i) Dismissal;

2. The July 27, 2009, hearing on Defendant's motion to dismiss is VACATED; and

3. Defendant's pending motion to dismiss is DENIED as moot.

IT IS SO ORDERED.

Dated:   July 16, 2009                              /s/ Anthony W. Ishii
                                            CHIEF UNITED STATES DISTRICT JUDGE

3